UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMARIO JOHNSON, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:20-CV-733 SNLJ
 )
DALE W. WHITE and TERRI LAWSON, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Jamario Johnson for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $40.39. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this matter for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 3. However, plaintiff also submitted an inmate account statement showing average monthly deposits of $201.93. ECF No. 4. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $40.39, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an

allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983,[1] alleging violations of his civil rights against two FCC employees in both their individual and official capacities: Dale White (correctional officer) and Terri Lawson (warden). ECF No. 1 at 2-3.

In the 'Statement of Claim' section of the complaint, plaintiff alleges that he was harassed and targeted on "3/4/20" at the "house unit 9 small yard," resulting in injuries of emotional abuse and mistreatment. ECF No. 1 at 3. Plaintiff further alleges:

> I couldn't explain my side of the story to anybody without being called a [liar]. They failed to look back at the camera's knowing this being a ongoing issues that finally get addressed and me losing my honor status.
>
> C.O. I White harass me back in January 14, 2020 on 9 house small yard when power was out and lied to coworkers making them think I was the cause of inmate going back and forth with C.O.'s. I was mistreated in the hole I couldn't get a IRR, force either to eat pork or not eat at all.

*Id.*

Under the 'Injuries' section of the complaint, plaintiff states:

---

[1] Plaintiff filed a form complaint titled "Prisoner Civil Rights Complaint under 42 U.S.C. § 1983" in this matter. *See* ECF No. 1 at 1. However, on the section of his Civil Cover Sheet labeled "Cause of Action" where he was directed to "Cite the U.S. Civil Statute under which [he was] filing," plaintiff wrote: "18 U.S.C. § 241." ECF No. 1-2 at 1. The statute listed here by plaintiff is a criminal statute regarding conspiracy against rights and does not apply in this civil context. The Court will interpret plaintiff's complaint as being brought under 42 U.S.C. § 1983.

> I didn't have anyone to talk to about what has happen who would believe me if I told them. I was treated if I did something wrong when C.O. White came to me disrespectful and why he called me over is not the same reason he whisper in my ear.

*Id.* at 4.

For relief, plaintiff seeks the firing of correctional officer White, the recovery of plaintiff's honor status, and $2000 in monetary damages for the emotional stress plaintiff has suffered. *Id.* at 5.

Plaintiff attached to his complaint grievance documentation which helps to clarify the incident which forms the basis of his complaint. In April 2020, plaintiff filed an IRR alleging that correctional officer White made unprofessional remarks towards him and falsely stated that he was loud and argumentative. ECF No. 1-1 at 3. Plaintiff requested the conduct violation (that he received as a result of the incident with White) be expunged, that he be placed back in the honor wing, and that White's assignment within FCC change. *Id.* This IRR was denied after an investigation of the claim which found:

> According to the Conduct Violation Report, COI White observed you with four other offenders surrounding an elderly offender, and when you seen COI White, you dispersed. COI White asked you to come to where he was, and you said "no, you come here." He repeated the directive and you became loud and argumentative, in a fashion that gained the attention of maintenance staff, and they came to assist COI White. I find that your actions did threaten custody and control, you were afforded a due process hearing, found guilty, and approved by the Assistant Warden.

*Id.*

After the denial of his IRR, plaintiff filed a grievance denying that he surrounded anyone, denying that he disappeared when White called him, and denying that he said "No, you come here" to White. *Id.* at 1. Plaintiff claimed that White had been harassing him since plaintiff was assigned to housing unit 9 and that White "was in the wrong and unprofessional." *Id.* The document responding to plaintiff's grievance, entitled "Warden's Response," stated that a review

of the evidence found that plaintiff "failed to present any substantial evidence which would warrant changes to this conduct violation." *Id.* at 2. As such, the grievance was denied.

## Discussion

The allegations of plaintiff's complaint fail to state a claim upon which relief may be granted and therefore are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, as to defendant warden Terri Lawson, plaintiff names Lawson in the caption and list of defendants but fails to make any factual allegations against her in the complaint. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Simply placing a defendant's name in the complaint is not enough to assert their responsibility. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Plaintiff asserts no allegations of wrongdoing on the part of warden Lawson and therefore fails to state a claim against her.

To the extent that plaintiff is seeking to assert a claim against Lawson based on the grievance document titled "Warden's Response," such a claim fails. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). As such, plaintiff cannot state a § 1983 claim for the way in which warden Lawson handled his grievance filing. For all these reasons, plaintiff fails to state a § 1983 claim against warden Terri Lawson.

Second, as to defendant correctional officer White, none of the allegations of the complaint state a violation of a right secured by the Constitution or laws of the United States, as required for a claim under § 1983. Plaintiff states that White repeatedly harassed him between January and March 2020, but plaintiff does not give any specific examples of harassment. Plaintiff's only accusation against White involves an incident for which plaintiff received a conduct violation. Plaintiff simply alleges that White lied about plaintiff to his coworkers, that White was disrespectful to plaintiff, that White whispered something in plaintiff's ear, and that White acted unprofessionally.[2]

The Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Generally, allegations of "unspecific verbal harassment" are not enough to maintain an action under § 1983. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (inmate's

---

[2] The Court notes that Plaintiff does make a brief allegation concerning his treatment while he was in the "hole," but there is no indication that White was responsible for plaintiff's alleged mistreatment while in restrictive custody.

claims of general harassment and of verbal harassment were not actionable under § 1983)). Similarly, allegations of mere verbal threats do not state a § 1983 claim. *See Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). Typically, fear or emotional injury resulting solely from idle threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest. *King*, 117 F.3d at 1067. Such is the case here. Plaintiff alleges that White verbally harassed him by lying about him and calling him a liar, resulting in emotional injuries to plaintiff. This is insufficient to constitute a violation of a right secured by the Constitution or laws of the United States.

In addition, plaintiff seeks relief of $2,000 but his complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff has claimed no physical injury arising out of the alleged violations of his constitutional rights. He seeks relief only for emotional abuse and mistreatment. ECF No. 1 at 3-4. The PLRA bars recovery of compensatory damages in this action.

For all the reasons discussed above, plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 against defendants White and Lawson. As such, the complaint will be dismissed and plaintiff's pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $40.39 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Dale W. White and Terri Lawson because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _5th_ day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE