## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMARIO JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:20-CV-733 SNLJ |
| DALE W. WHITE and TERRI LAWSON, | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This closed matter is before the Court on a motion for hearing filed by self-represented Plaintiff Jamario Johnson. ECF No. 8. Plaintiff is incarcerated with the Missouri Department of Corrections at Farmington Correctional Center ("FCC"). He filed this 42 U.S.C. § 1983 action against two FCC employees in June 2020, alleging that his civil rights were violated when he was harassed and mistreated regarding a prison conduct violation that he received. Plaintiff asserted, among other things, that FCC video camera footage would have proven his innocence of the violation, but that the footage was not considered. In August 2020, this case was dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Over a year after that dismissal, Plaintiff filed the instant motion seeking a hearing "de Novo for review of the 'withheld' camera (physical evidence)." ECF No. 8 at 1. Plaintiff requests that the Court hold an evidentiary hearing so that he can present "due process" evidence that the defendants denied his constitutional rights. Plaintiff seems to be asserting that his right to equal protection was violated when he could not use video camera evidence to refute his conduct violation report at his violation hearing, despite the notice of hearing stating that he could present evidence on his own behalf. *Id.* at 1-2. His grievances regarding this issue were denied.

This is a closed matter. Plaintiff did not file an appeal of the dismissal in this matter, and the time for doing so has expired. To the extent that Plaintiff seeks to reopen this case, his request is denied. Plaintiff presents no grounds on which reopening of this matter would be appropriate.[1] As discussed in this Court's Memorandum and Order dismissing this case, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. *See* ECF No. 5 at 6 (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Furthermore, to the extent that Plaintiff seeks a hearing in this Court regarding an FCC prison conduct violation, his request is denied. Similarly, to the extent he seeks an Order from this Court directing FCC to hold a new hearing to reconsider his violation in light of video camera footage, his request is denied. Finally, to the extent Plaintiff requests any other relief in this motion, it is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a hearing in this closed matter [ECF No. 8] is **DENIED**.

Dated this 27TH day of January, 2022.

                                                            STEPHEN N. LIMBAUGH, JR.
                                                            SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although no legal standard for reopening is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).